UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NANCY SCHWARZ, on behalf of
herself individually as the
mother of MICHAEL PARKER,
deceased, and as representative
and administrator of MICHAEL
PARKER'S estate,

No. 2:10-cv-03048-MCE-GGH

       Plaintiff,

  v.

MEMORANDUM AND ORDER

LASSEN COUNTY ex rel. the
LASSEN COUNTY JAIL (DETENTION
FACILITY), et al.,

       Defendants.

----oo0oo----

    Plaintiff Nancy Schwarz brings this action on her own behalf
and on behalf of her deceased son's estate (referred to in both
capacities hereafter as "Plaintiff").  Plaintiff filed her
original Complaint on November 9, 2010, and amended her pleading
without leave of the Court on December 13, 2010.

///

///

1

The Court subsequently dismissed Plaintiff's First Amended
Complaint for lack of jurisdiction because Plaintiff failed to
comply with California Code of Civil Procedure § 377.32 by filing
either a death certificate or an affidavit swearing she was
entitled to act as her son's successor in interest.  Plaintiff
has since complied with the requirements of the California Civil
Code and has filed the operative Second Amended Complaint ("SAC")
alleging causes action arising under 42 U.S.C. § 1983 and various
state laws against Lassen County ex rel. the Lassen County Jail
("Lassen County" or "the County of Lassen"), Steven W. Warren,
the Sheriff of Lassen County, unknown guards and an unknown
deputy sheriff, the City of Susanville, Officer Ed Vega and
unknown Susanville police officers.  Presently before the Court
is a Motion to Dismiss filed by Defendants Lassen County and
Sheriff Warren and joined by Defendants City of Susanville and
Officer Ed Vega.[1]

## BACKGROUND[2]

Lassen County is responsible for overseeing the operations
of the Lassen County Adult Detention Facility ("Facility").
Sheriff Warren oversees the Facility, and the Lassen County
sheriff is generally responsible for managing and setting policy
for the actions of Facility staff and contracted medical staff.

---

[1] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. Local Rule 230(g).

[2] The following facts are derived from Plaintiff's SAC.

2

1     Plaintiff's son, Michael Parker ("Parker"), was born with
2 medical conditions requiring a special diet (diverticulitis and a
3 congenital heart condition).  At the beginning of July 2009,
4 Parker was arrested for, among other things, stalking his ex-
5 girlfriend, who lived in a trailer belonging to Parker and
6 Plaintiff.  Bond for Parker's release was set at $3,750.

7     Later that month, Parker was arrested for violating a
8 temporary restraining order obtained by that same ex-girlfriend.
9 An officer who asserted he had a long-standing association with
10 Parker reported to the court that Parker had been involved in
11 prior incidents of prowling, rock throwing, stalking and TRO
12 violations.  Bond for Parker's subsequent release was set at
13 $75,000.

14     A few days later, while still jailed, Parker requested to
15 see a doctor.  Instead, he was seen by a physician's assistant
16 and was advised he had the stomach flu.  Parker was seen twice
17 more by that physician's assistant over the following two weeks.
18 On August 6, 2009, a doctor working under contract with the jail
19 ordered an x-ray, through which it was discovered Parker had an
20 infected colon.  The following day, Parker was bailed from jail
21 and underwent emergency surgery that included insertion of a
22 drain tube into his colon.  Approximately one week later, Parker
23 was released from the hospital into his mother's care.
24 ///
25 ///
26 ///
27 ///
28 ///

3

1    The following week, Dr. Hal Meadows, who was coincidentally
2  Parker's physician as well as a contract physician with the
3  Facility, removed Parker's drain tube in his office.   The
4  following month, Dr. Meadows drafted a letter stating that Parker
5  should not be subject to incarceration due to the severity of his
6  medical condition and instead should serve any sentence under
7  house arrest.

8    Later that same month, Parker accompanied his mother to a
9  bank.  When Plaintiff exited the bank, she found approximately
10 six Susanville Police Department police cars surrounding Parker,
11 who had remained in her truck.  The Police Department advised
12 Plaintiff that her son had driven by his ex-girlfriend's
13 residence that morning in that vehicle.   Plaintiff argued that
14 she had been in sole possession of the truck prior to Parker
15 joining her at 11:00 a.m. that morning.   She also stated that her
16 son would die if incarcerated.  Two officers stated they would
17 not arrest Parker, but Officer Vega proceeded to effectuate the
18 arrest.   Officers took Parker to the Facility despite being
19 advised of the above letter from Dr. Meadows.

20    Plaintiff made plans to post bail for Parker once again.
21 The $150,000 bond set, however, was above the bondable limit of
22 the bail bond available to Plaintiff, and she was unable to bail
23 Parker out of jail.

24    On October 7, 2009, Plaintiff visited her son at the
25 Facility and saw that Parker had lost over 40 pounds.   When
26 Plaintiff questioned her son as to why he had not seen a doctor,
27 Parker replied that Facility staff had told him to "quit
28 complaining and make the best of it."

On October 22, 2009, Parker, who was suffering intensely and whose health was failing, was released from the Facility and transferred to Renown Hospital in Reno, Nevada.  Parker died on November 5, 2009.

Based on the above facts, Plaintiff seeks relief pursuant to the following causes of action: 1) 42 U.S.C. § 1983, cruel and unusual punishment, deliberate indifference to serious medical needs; 2) 42 U.S.C. § 1983, deprivation of basic necessities of life; 3) 42 U.S.C. § 1983, deprivation of life without due process; 4) 42 U.S.C. § 1983, maliciously subjecting Plaintiff to pain (against City of Susanville and County of Lassen); 5) failure to summon medical care for inmate in violation of California Government Code § 845.6 (against Lassen County); 6) failure to discharge mandatory duty under California Government Code § 815.6; 7) reckless or malicious neglect of a dependent adult under California Welfare and Institutions Code § 15687 (against Lassen County); 8) negligent infliction of emotional distress ("NIED") on behalf of the estate; 9) intentional infliction of emotional distress ("IIED") on behalf of the estate; 10) violation of California Civil Code § 52.1; 11) 42 U.S.C. § 1983, due process - deprivation of familial relationships; 12) NIED on behalf of Ms. Schwarz; and 13) IIED on behalf of Ms. Schwarz.  Plaintiff also seeks, among other things, punitive damages.  Defendants move to dismiss Plaintiff's SAC, in part, as discussed in greater detail below.

///

///

///

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the [...] claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."

///

///

///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...."
///

1   Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC

2   v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the

3   Foman factors as those to be considered when deciding whether to

4   grant leave to amend).  Not all of these factors merit equal

5   weight.  Rather, "the consideration of prejudice to the opposing

6   party...carries the greatest weight."  Eminence Capital, 316 F3d

7   at 1052 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185

8   (9th Cir. 1987).  Dismissal without leave to amend is proper only

9   if it is clear that "the complaint could not be saved by any

10  amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d

11  1048, 1056 (9th Cir. 2007) (internal citations and quotations

12  omitted).

13

14                          **ANALYSIS**

15  **A.   Plaintiff's claims against Sheriff Warren.**

16        **1.   Plaintiff's § 1983 official capacity claims**
              **against Sheriff Warren are duplicative of her**
17            **claims against Lassen County.**

18

19        Sheriff Warren argues that Plaintiff's § 1983 claims against

20  him in his official capacity are duplicative of Plaintiff's

21  identical claims against Lassen County.  Kentucky v. Graham,

22  473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all

23  respects other than name, to be treated as a suit against the

24  entity.").  The Sheriff is correct.

25        "There is no longer a need to bring official-capacity

26  actions against local government officials, for...local

27  government units can be sued directly for damages and injunctive

28  or declaratory relief."  Id. at 167 n.14.

                              8

Accordingly, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."  Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept., 533 F.3d 780, 799 (9th Cir. 2008); see also Megargee v. Wittman, 550 F. Supp. 2d 1190, 1206 (E.D. Cal. 2008) ("'For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed.'") (quoting Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997)).  Plaintiff does not attempt to oppose this argument and instead focuses on Sheriff Warren's liability in his personal capacity.  Accordingly, Plaintiff's § 1983 claims against Sheriff Warren in his official capacity are dismissed with leave to amend.

> ### 2.    Plaintiff has failed to plead § 1983 claims against Sheriff Warren in his individual capacity.

Sheriff Warren also moves to dismiss Plaintiff's § 1983 claims against him in his individual capacity.  Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer v. Melo, 502 U.S. 21, 25 (1991).  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Iqbal, 129 S. Ct. at 1948.  Rather, each government official may only be held liable for his own misconduct.

///

Bowell v. Cal. Substance Abuse Treatment Facility, No. 1:10-CV-02336-AWI-DLB PC, 2011 WL 2224817, at *4 (E.D. Cal. June 7, 2011).

However, government officials acting as supervisors may be liable under § 1983 under certain circumstances.  A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  Thus, § 1983 actions against supervisors are proper as long as a sufficient causal connection exists and the plaintiff was deprived under color of law of a federally secured right.  Starr v. Baca, ___ F.3d ____, 2011 WL 2988827, *4 (9th Cir. 2011) (quoting Redman v. Cnty. of San Diego, 942 F.2d 1435, 1447 (9th Cir. 1991)).

The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways. The plaintiff may show that the supervisor set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Starr, 2011 WL 2988827, *5; Dubner v. City of S.F., 266 F.3d 959, 968 (9th Cir. 2001). Similarly, a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates may establish supervisory liability.  Id.

///

///

Likewise, a supervisor's acquiescence in the alleged constitutional deprivation, or conduct showing deliberate indifference toward the possibility that deficient performance of the task may violate the rights of others, may establish the requisite causal connection. Id.; Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005).  Finally, a sufficient causal connection "may be shown by evidence that the supervisor 'implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights....'"  Wesley v. Davis, 333 F. Supp. 2d 888, 892 (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

The only allegation Plaintiff makes that is at all specific to Sheriff Warren is that he "oversees the Adult Detention Facility."  SAC, ¶ 6.  Plaintiff also alleges generally that the sheriff of Lassen County "has responsibility to manage and set policy for the actions of the staff at the Detention Facility and the actions of the contracted medical staff."  Id., ¶ 5.  While Plaintiff makes numerous arguments in her opposition as to why the Sheriff must have known about her son's condition and must have known that he was being denied medical care, she makes no allegation in her SAC that Sheriff Warren was on notice of or had actual knowledge of the same, nor does she make any allegations that the Sheriff had any personal involvement with Plaintiff's care while he was housed in the Facility.  In addition, Plaintiff does not allege that Sheriff Warren himself enacted or enforced any constitutionally deficient policies.  To the contrary, Plaintiff's only policy-related allegations are specifically directed at the County of Lassen and the City of Susanville.

1   Accordingly, Plaintiff has failed to plead any § 1983 claims

2   against Sheriff Warren in his individual capacity, and the

3   Sheriff's Motion is granted as to these claims with leave to

4   amend.

5

6       **3.** **Plaintiff failed to adequately plead any state law**

7          **causes of action against Sheriff Warren.**

8     Plaintiff's state law causes of action against Sheriff

9   Warren likewise fail because she has alleged no facts indicating

10  the Sheriff personally participated in any violations of Parker's

11  rights, or that he had any knowledge that would have rendered him

12  responsible for violations inflicted by other individuals.

13  Moreover, Plaintiff failed to raise any arguments in opposition

14  to Sheriff Warren's Motion as to these claims.  Accordingly, all

15  state law causes of action against Sheriff Warren are dismissed

16  with leave to amend.

17

18  **B.** **Plaintiff's claims against the County of Lassen, the**

19    **City of Susanville and Officer Vega (hereafter**

   **collectively "Defendants").**

20    **1.** **Plaintiff's first and second causes of action are**

21      **dismissed as to the City of Susanville and Officer**

    **Vega and dismissed in part as to Lassen County.**

22

23    The City of Susanville and Officer Vega move to dismiss

24  Plaintiff's first and second causes of action alleging violations

25  of § 1983 based on a deliberate indifference to serious medical

26  needs and deprivation of the basic necessities of life because

27  the facts alleged against those Defendants are insufficient to

28  state a claim.

Joinder of City of Susanville and Officer Vega in Motion to
Dismiss ("Joinder"), 5:6-9.  As those Defendants point out,
"[a]ll that is alleged against Officer Vega is that he arrested
the decedent and took him into custody and all that is alleged
against the City of Susanville is that they employed and
improperly trained and supervised Officer Vega."  Id., 5;4-6.
Both the complaint and the opposition are devoid of facts or
argument demonstrating how these allegations are sufficient to
allege claims for the denial of medical care.  Accordingly, both
the first and second causes of action are dismissed as to the
City of Susanville and Officer Vega.

For its part, Lassen County moves to dismiss the above
causes of action because they are explicitly premised on cruel
and unusual punishment allegedly inflicted on Parker pursuant to
the Eighth Amendment, which protects individuals that have been
convicted and sentenced.  See Lee v. City of Los Angeles,
250 F.3d 668, 686 (9th Cir. 2001).  To the extent Plaintiff
intended to plead Eighth Amendment post-conviction claims, those
claims are dismissed with leave to amend because Plaintiff has
not yet pled any facts indicating Parker was being held pursuant
to a conviction rather than an arrest.  To the extent these
causes of action seek to recover for injuries Parker sustained
while incarcerated as a pre-trial detainee, however, they survive
the instant Motion despite Plaintiff's failure to point to the
exact constitutional section under which the claims arise because
the County does not challenge the factual underpinnings of the
claims themselves and instead attacks only Plaintiff's
misidentification of the proper constitutional amendment.

See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2009) ("A
complaint need not identify the statutory or constitutional
source of the claim raised in order to survive a motion to
dismiss."). Accordingly, the County of Lassen's Motion is
granted with leave to amend as to the first and second causes of
action only as to Plaintiff's post-conviction theory, but not as
to any claims based on Parker's status as a pre-trial detainee.

Lassen County also seeks to dismiss Plaintiff's first cause
of action insofar as it is based on the County's failure to
train, supervise and/or discipline personnel. "[A]
municipality's failure to train its employees may create § 1983
liability where the 'failure to train amounts to deliberate
indifference to the rights of persons with whom the [employees]
come into contact.'" Young v. City of Visalia, 687 F. Supp. 2d
1141, 1148 (E.D. Cal. 2009) (quoting City of Canton v. Harris,
489 U.S. 378, 388 (1989)). "A plaintiff alleging a failure to
train claim must show: (1) he was deprived of a constitutional
right, (2) the municipality had a training policy that amounts to
deliberate indifference to the [constitutional] rights of the
persons' with whom [its police officers] are likely to come into
contact; and (3) his constitutional injury would have been
avoided had the municipality properly trained those officers."
Id. (internal citations and quotations omitted). "Only where a
municipality's failure to train its employees in a relevant
respect evidences a 'deliberate indifference' to the rights of
its inhabitants can such a shortcoming be properly thought of as
a city 'policy or custom' that is actionable under § 1983.'"
City of Canton, 489 U.S. at 389.

14

The SAC contains insufficient facts to plausibly support the validity of a failure to train claim here.  Plaintiff's most specific allegation is that "despite actual knowledge of the inadequacy of its health services including numerous complaints of pain and suffering by other inmates, Defendants failed to sufficiently train and discipline their staff to provide reasonable and adequate response to medical needs." SAC, ¶ 79. Plaintiff does not, however, identify any Defendants' actual training and hiring practices or articulate how the challenged practices are deficient.  See Young, 687 F. Supp. 2d at 1150; Rodriguez v. City of Modesto, 2010 WL 4880748, *11 (E.D. Cal.). Accordingly, Plaintiff's first cause of action is dismissed with leave to amend as to the County of Lassen on this basis as well.

**2.   Plaintiff's third and fourth causes of action are dismissed with leave to amend as to the City of Susanville and Officer Vega.**

The City of Susanville and Officer Vega assert in passing that Plaintiff's third and fourth causes of action against them should be dismissed for failure to state a claim.  Joinder, 5:7-13.  In her third cause of action, Plaintiff alleges that Defendants "allow[ed] [Parker] to degenerate, suffer and die instead of adopting simple life saving measures and procedures." SAC, ¶ 64.  Plaintiff thus contends that Parker was deprived of "his health, strength and activity and ultimately his life, without due process of law."  Id.  In her fourth cause of action, Plaintiff likewise alleges violations of Parker's constitutional rights arising solely out of his incarceration at the Facility.

15

This latter cause of action is premised on the theory that, while incarcerated: 1) "Defendants abandoned [Parker] and ignored his complaints and calls for help"; 2) Parker was visible to inmates and Facility personnel; and 3) "Defendants' actions and omissions...were excessive, vindictive, harassing and wholly unrelated to institutional security or any other legitimate penalogical objective."  Id., ¶¶ 66-68.  According to Plaintiff, "[r]easonable and readily available alternatives existed to protect [Parker's] privacy and dignity, including but not limited to transferring him to the Renown Medical Center immediately or allowing him to stay on house arrest and have the liberty to take himself to Renown Medical Center where he would be cared for and attended to properly."  Id., ¶ 68.

None of these allegations indicate that either claim is premised on the arrest allegedly effectuated by Officer Vega, and the claims as pled instead arise solely from the other Defendants' post-arrest conduct.  Moreover, Plaintiff raises no argument in opposition to these Defendants' challenges to the third and fourth causes of action.  Accordingly, in light of the insufficiency of Plaintiff's allegations and her failure to effectively oppose Defendants' Motion, the third and fourth causes of action are dismissed with leave to amend as to the City of Susanville and Officer Vega.

///

///

///

///

///

1

2

### 3.   Plaintiff's seventh cause of action is dismissed with leave to amend as to Lassen County.[4]

3      In Plaintiff's seventh cause of action, she alleges that

4    Lassen County violated California Welfare and Institutions Code

5    § 15657, which prohibits the reckless or malicious neglect of a

6    dependent adult.  A "dependant adult" is "any person between the

7    ages of 18 and 64 years who resides in this state and who has

8    physical or mental limitations that restrict his or her ability

9    to carry out normal activities or to protect his or her rights,

10   including, but not limited to, persons who have physical or

11   developmental disabilities, or whose physical or mental abilities

12   have diminished because of age."  Cal. Welf. & Inst. Code

13   § 15610.23.  Plaintiff's pleading is wholly insufficient to

14   support a finding that Parker was a dependent adult within the

15   meaning of § 15610.23.  See Cabral v. County of Glenn,

16   624 F. Supp. 2d 1184, 1195 (E.D. Cal. 2009).  Plaintiff alleges

17   Parker suffered from physical disorders and congenital defects

18   and that he was in need of and receiving medical care, but

19   Plaintiff does not allege that Parker, for example, needed any

20   assistance with "activities of daily living" or was otherwise

21   restricted in his ability to protect his rights.  See id. at

22   1194-95 (internal citations and quotations omitted).  Plaintiff's

23   allegations are simply insufficient to establish that Parker was

24   a dependent adult as that term is used in the Welfare and

25   Institutions Code.

26

27      [4] The Court interprets the fifth and seventh causes of

28   action as being pled against Lassen County only.  Accordingly, the following discussion pertains only to that Defendant.

17

1  Accordingly, Lassen County's Motion to Dismiss Plaintiff's
2  seventh cause of action is granted with leave to amend.

4          **4.   Plaintiff's tenth cause of action is dismissed
                   with leave to amend as to all Defendants.**

6      All Defendants seek dismissal of Plaintiff's tenth cause of
7  action, which arises under California Civil Code § 52.1.
8  Defendants argue that Plaintiff failed to allege sufficient facts
9  constituting threats, intimidation or coercion.  According to
10 Plaintiff's SAC, "The civil rights violations reiterated and
11 alleged [in the SAC] were accompanied by threats, intimidation or
12 coercion on the part of Defendants, by arrest, threatening
13 further punishment if complaints were made by Michael Parker and
14 threats to the Plaintiff if she complained about the treatment of
15 Michael Parker."  SAC, ¶ 98.  Plaintiff does not elaborate as to
16 precisely what "further punishment" was threatened by Defendants
17 or what "threats" were made directly to Plaintiff.

18     Under the Civil Code, "[a]ny individual whose exercise or
19 enjoyment of rights secured by the Constitution or laws of the
20 United States, or of rights secured by the Constitution or laws
21 of this state, has been interfered with, or attempted to be
22 interfered with" "by threats, intimidation, or coercion" may
23 bring a private action for damages.  Cal. Civ. Code § 52.1(a)-
24 (b).

25 ///
26 ///
27 ///
28 ///

18

1  Without citing to any authority other than § 52.1, Plaintiff

2  takes the position her allegations are sufficient here because

3  Parker's bond was set purposefully high, which intimidated Parker

4  by forcing his incarceration, and that Parker was threatened when

5  jail staff responded to his medical complaints by telling him to

6  "quit complaining and make the best of it."  Opposition, 8:14-23

7  (citing SAC, ¶¶ 30, 35, 38).  Plaintiff's arguments fail.

8        "A claim under [Section 52.1(b)] requires a showing of 'an

9  attempted or completed act of interference with a legal right,

10 accompanied by a form of coercion.'"  Martin v. County of San

11 Diego, 650 F. Supp. 2d 1094, 1108 (S.D. Cal. 2009) (quoting Jones

12 v. Kmart Corp., 17 Cal. 4th 329, 334 (1998)).  "The test is

13 whether a reasonable person, standing in the shoes of the

14 plaintiff, would have been intimidated by the actions of the

15 defendants and have perceived a threat of violence.  Richardson

16 v. City of Antioch, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).

17 "Speech alone is not sufficient to support an action [under

18 52.1(b)], except upon a showing that the speech itself threatens

19 violence against a specific person or group of persons; and the

20 person or group of persons against whom the threat is directed

21 reasonably fears that, because of the speech, violence will be

22 committed against them or their property and that the person

23 threatening violence had the apparent ability to carry out the

24 threat."  Cal. Civ. Code § 52.1(j).

25 ///

26 ///

27 ///

28 ///

In this case, the setting of a bond, without more, cannot be viewed as intimidation or coercion, nor does a passing comment, though insensitive, that Parker should learn to "make the best of it" rise to the level of a threat.[5]   Failure to timely respond to requests, grievances and appeals are not "threats, intimidation, or coercion" under § 52.1 either.  Brook v. Carey, 352 Fed. Appx. 184, 185 (9th Cir. 2009).  Plaintiff's tenth cause of action is consequently dismissed with leave to amend.

>    **5.   Plaintiff's eighth, ninth, twelfth and thirteenth causes of action are dismissed with leave to amend as to all Defendants.**

Defendants also move to dismiss Plaintiff's causes of action for NIED and IIED.  The entity Defendants argue that under California law these common law claims cannot stand against public entities.

///

///

---

[5] Plaintiff's attempt to base her instant claim on allegedly excessive bail fails in any event.  First, "in California it is the judicial officers that are vested with the 'exclusive authority to enhance or reduce bail.'"  Muhammad v. San Diego County Sheriff's Dep't., 2008 WL 821832, *2 (S.D. Cal. 2008) (quoting Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2007)).  "A law enforcement officer can only be held liable for...excessive bail 'if they prevented the [judicial officer] from exercising his independent judgment.'"  Id.  Plaintiff has not alleged any facts indicating any Defendant prevented any judicial officer from exercising his or her independent judgment. Plaintiff has likewise failed to allege any facts implicating any judicial officer individually.  Even if she had alleged wrongdoing on the part of some judicial officer, however, Defendants' Motion would still be well-taken because judicial officers are state, not county or city actors.  See Petty v. Petty, 2003 WL 21262369, *4 (N.D. Cal.).

In California, "[e]xcept as otherwise provided by statute...[a] public entity is not liable for any injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815(a).  The Legislative Committee Comment to § 815 states, "This section abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation.  In the absence of a constitutional requirement, public entities may be held liable only if a statute...is found declaring them to be liable." Accordingly, "the exclusive basis of public entity tort liability is statutory." Tolan v. State of California ex rel. Dept. of Transportation, 100 Cal. App. 3d 980, 986 (1979).  Plaintiff raises no argument in opposition to the entity Defendants' Motions to Dismiss her NIED and IIED claims, which are thus dismissed with leave to amend.[6]

Officer Vega moves to dismiss these claims as well arguing Plaintiff failed to allege sufficient facts against him.  "The elements of a prima facie case for the tort of intentional infliction of emotional distress are:

///

///

///

///

---

[6] The parties do not address whether the entity Defendants could be vicariously liable for these tort claims pursuant to California Government Code § 815.2.  However, since, as discussed below, the SAC includes insufficient facts to state a claim against the individual Defendants, any vicarious liability claim fails as well.

1  (1) extreme and outrageous conduct by the defendant with the

2  intention of causing, or reckless disregard of the probability of

3  causing, emotional distress; (2) the plaintiff's suffering severe

4  or extreme emotional distress; and (3) actual and proximate

5  causation of the emotional distress by the defendant's outrageous

6  conduct." Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593

7  (1979).  "Conduct to be outrageous must be so extreme as to

8  exceed all bounds of that usually tolerated in a civilized

9  community." Id.

10     For its part, "[a] claim of negligent infliction of

11  emotional distress is not an independent tort but the tort of

12  negligence to which the traditional elements of duty, breach of

13  duty, causation, and damages apply." Wong v. Tai Jing, 189 Cal.

14  App. 4th 1354, 1377 (2010).  "[T]o recover damages for emotional

15  distress on a claim of negligence where there is no accompanying

16  personal, physical injury, the plaintiff must show that the

17  emotional distress was 'serious.'"  Id.  "Serious emotional

18  distress" is functionally the same as "severe emotional

19  distress." Id. at 1378.  Otherwise, "it is well-settled that 'in

20  ordinary negligence actions for physical injury, recovery for

21  emotional distress caused by that injury is available as an item

22  of parasitic damages.'" Summers v. Delta Airlines, Inc., 2011 WL

23  1299360, *10 (N.D. Cal.) (quoting Potter v. Firestone Tire &

24  Rubber Co., 6 Cal. 4th 965, 1004 (1993)).

25     Plaintiff makes only conclusory allegations in support of

26  her emotional distress claims and makes no factual allegations as

27  to how Officer Vega, who simply arrested Parker, engaged in any

28  conduct capable of supporting her tort causes of action.

In addition, in opposition to Defendants' Motion, Plaintiff argues only that she does not yet have access to Parker's medical records and thus could not properly plead sufficient facts here. Plaintiff fails to explain why Parker's medical records are necessary to pleading her own emotional distress claims or how her own interactions with Parker were insufficient to enable her to adequately plead claims on his behalf.  Accordingly, Plaintiff's NIED and IIED causes of action are dismissed as to Officer Vega with leave to amend.

> **6.    Plaintiff's request for punitive damages is dismissed as to all Defendants with leave to amend.**

Defendants' move to dismiss Plaintiff's request for punitive damages in its entirety.  Defendants' arguments are well-taken as to the entity Defendants because they are immune from punitive damages liability as matter of law.  Cal. Gov. Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under § 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."); Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983.").

Individual Defendants, however, may be liable for punitive damages pursuant to the § 1983 claims when their "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

1  Smith v. Wade, 461 U.S. 30, 56 (1983).  Likewise, "[u]nder

2  California law, punitive damages are appropriate where a

3  plaintiff establishes by clear and convincing evidence that the

4  defendant is guilty of (1) fraud, (2) oppression or

5  (3) malice...[A] plaintiff may not recover punitive damages

6  unless the defendant acted with intent or engaged in 'despicable

7  conduct.'"  In re First Alliance Mortg. Co., 471 F.3d 977 (9th

8  Cir. 2006) (citing Cal. Civ. Code § 3294(a), (c)) (emphasis

9  omitted).  Plaintiff's allegations against Officer Vega, are

10 extraordinarily conclusory and do not, at this point, include any

11 factual assertions supporting a conclusion that he acted with

12 evil motive or in a despicable manner.  The closest allegation

13 that might even potentially go to "reckless indifference" is that

14 Officer Vega allegedly knew of Parker's medical condition, but

15 proceeded to arrest him anyway.  Plaintiff does not otherwise

16 suggest, however, that the arrest was improper or that it was

17 supported by a lack of probable cause.  Accordingly, as pled,

18 Plaintiff's allegations are insufficient to justify a punitive

19 damages claim against Officer Vega.  Plaintiff's punitive damages

20 claims are thus dismissed with leave to amend.

21

22                            **CONCLUSION**

23

24      For the reasons just stated, Defendants' Motions are granted

25 in part and denied in part, consistent with the foregoing, as

26 follows:

27      1.  Defendant Sheriff Warren's Motion to Dismiss Plaintiff's

28 entire SAC is GRANTED with leave to amend.

24

2.   Defendants City of Susvanille's and Officer Vega's Motion to Dismiss is GRANTED with leave to amend as to: 1) Plaintiff's first, second, third, fourth, eight, ninth, tenth, twelfth and thirteenth causes of action in their entirety; and 2) Plaintiff's claim for punitive damages.

3.   Defendant County of Lassen's Motion to Dismiss is GRANTED with leave to amend as to: 1) Plaintiff's first cause of action to the extent it is based on a failure to train theory; 2) Plaintiff's first and second causes of action to the extent they are based on post-conviction violations arising under the Eight Amendment; 3) Plaintiff's seventh, eighth, ninth, tenth, twelfth and thirteenth causes of action in their entirety; and 4) Plaintiff's claim for punitive damages.  Defendant County of Lassen's Motion to Dismiss is DENIED as to Plaintiff's first and second causes of action to the extent those claims are based on Mr. Parker's status as a pre-trial detainee.

Plaintiff may (but is not required to) file a third amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, those causes of action hereby dismissed will be deemed to have been dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 1, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE