1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95811**
3  **Telephone:  (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **SCOTT H. CAVANAUGH, State Bar #245261**

6  Attorneys for Defendants Lassen County, Steven W. Warren, Sheriff of Lassen County

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  NANCY SCHWARTZ on behalf of herself       ) NO.  2:10-cv-03048-MCE-GGH
    individually as the mother of MICHAEL PARKER, )
12  deceased; and NANCY SCHWARTZ, as          ) **STIPULATION TO PROTECTIVE**
    representative and administrator of MICHAEL ) **ORDER AND ORDER**
13  PARKER's Estate,                          )
                                              )
14                            Plaintiffs,     )
                                              )
15  vs.                                       )
                                              )
16  LASSEN COUNTY ex rel. the LASSEN COUNTY   )
    JAIL (DETENTION FACILITY); STEVEN W.      )
17  WARREN, SHERIFF OF LASSEN COUNTY;         )
    UNKNOWN GUARDS; UNKNOWN DEPUTY            )
18  SHERIFF; OFFICER ED VEGA; and UNKNOWN     )
    SUSANVILLE OFFICERS,                      )
19                                            )
                              Defendants.     )
20  _____ )

21

22          IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their

23  attorneys of record, that in order to protect the confidentiality of the records described below, any of

24  said records disclosed are subject to a protective order (and designated as "Confidential Material") as

25  follows:

26          1.       The documents identified in County of Lassen's Initial Disclosure Statement (FRCP

27  §26(a)), in paragraph B thereof, including the following:

28  ///

                    **STIPULATION TO PROTECTIVE ORDER AND [proposed] ORDER**

**LASSEN COUNTY RECORDS**

    (a)    Lassen County jail documents bate stamped DEF 1 through 229.

    (b)    Lassen County jail medical records bate stamped DEF 230-498.

    (c)    Plaintiff's medical billing records bate stamped DEF 449-574.

    (d)    The personnel, training and employment files of any officer or employee of the Lassen County Sheriff's Department.

    (e)    All Lassen County Sheriff's Department's policy and procedure manuals, training manuals, training and procedure memorandum and bulletins, and all other documents which set forth Department operational, training and tactical policy and procedure.

The documents identified in City of Susanville's Initial Disclosure Statement (FRCP §26(a)), in paragraph B thereof, including the following:

**SUSANVILLE POLICE DEPARTMENT RECORDS**

    (a)    Susanville Police Department Crime Report No. CR09-1366, bate stamped 001 to 019, with attached Adult Disposition of Arrest and Court Action form, dated 11/10/09.

    (b)    Additional Susanville Police Department Crime, Arrest, Incident and Case Disposition Reports compiled between the dates of 09/17/2009 and 12/22/1994, including but not limited to report numbers CR09-1504, CR09-1402, CR09-1148, CR09-1130, CR09-1126,CR09-1122, 09-1118, CR09-1117, CR09-1089, CR09-1042, CR09-0963, CR03-1107, CR03-1188, CR03-1286, CR961415, CR960962, CR961032, CR960919,CR960511, CR960487, CR960438, CR960498, CR960438, CR951244, CR950016, CR942373, CR941595, CR941448, CR941529, CR941586, CR941699, CR941680, CR941718.  Reports of activity prior to 1997 have been purged and only the face page of those reports can be retrieved.  All other reports can be retrieved in their entirety if necessary.

    (c)    The personnel, training and employment files of any officer or employee of the Susanville Police Department including but not limited to Officer Ed Vega, Officer No. 0354.

    (d)    All Susanville Police Department's policy and procedure manuals, training manuals, training and procedure memorandum and bulletins, and all other documents which set forth Department operational, training and tactical policy and procedure.

**STIPULATION TO PROTECTIVE ORDER AND [proposed] ORDER**

1    2.      Confidential material may not be disclosed except as set forth in paragraphs 3- 5.

2    3.      Confidential Material may be disclosed only to the following persons:

3            a.      Counsel for any party to this action.

4            b.      Paralegal, stenographic, clerical and secretarial personnel regularly

5                    employed by counsel referred to in 4(a);

6            c.      Court personnel including stenographic reporters engaged in such

7                    proceedings as are necessarily incidental to preparation for the trial of

8                    this action;

9            d.      Any outside expert or consultant retained in connection with this

10                   action, and not otherwise employed by either party;

11           e.      Any "in house" expert designated by defendant to testify at trial in this

12                   matter;

13           f.      Witnesses, other than the plaintiff herein, who may have the

14                   documents disclosed to them during deposition proceedings; the

15                   witnesses may not leave the depositions with copies of the documents,

16                   and shall be bound by the provisions of paragraph 5;

17           g.      Any Neutral Evaluator or other designated ADR provider; and

18           h.      Parties to this action.

19           i.      The jury, should this matter go to trial.

20   4.      Each person to whom disclosure is made, with the exception of counsel who are

21   presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided

22   with a copy of this order by the person furnishing him/her such material, and (2) agree on the record

23   or in writing that she/he has read the protective order and that she/he understand the provisions of the

24   protective order.  Such person must also consent to be subject to the jurisdiction of the United States

25   District Court, Eastern District, with respect to any proceeding relating to the enforcement of this

26   order.  Defendants County of Lassen and City of Susanville shall be entitled to retain possession of

27   the original writings described above.

28   ///

**STIPULATION TO PROTECTIVE ORDER AND [proposed] ORDER**

C:\CAED\sf\older\TO DOCKET CIVIL\10cv3048.o.0415.wpd

1    Nothing in this paragraph 4 is intended to prevent officials or employees of the County of

2    Lassen, the City of Susanville or other authorized government officials or any other persons from

3    having access to the documents if they would have had access in the normal course of their job

4    duties or rights as a citizen.  Further, nothing in this order prevents a witness from disclosing event

5    or activities personal to them, i.e., a witness can disclose to others previous information given to the

6    County of Lassen and/or the City of Susanville with respect to what she/he saw, heard, or otherwise

7    sensed.

8    5.    At the conclusion of the trial and of any appeal or upon other termination of this

9    litigation, all Confidential Material received under the provision of this order (including any copies

10   made) shall be delivered back to the County of Lassen and/or the City of Susanville, as applicable.

11   Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect

12   until all Confidential Material (including all copies thereof) are returned to defendants.

13   6.    Any document filed with the Court that reveals Confidential Material shall be filed

14   under seal, labeled with a cover sheet as follows: "NANCY SCHWARTZ individually and for the

15   Estate of Michael Parker, v. LASSEN COUNTY, et al., United States District Court, Eastern

16   District, Case No.2:10-cv-03048-MCE-GGH.  This document is subject to a protective order issued

17   by the Court and may not be copied or examined except in compliance with that order."  Documents

18   so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or

19   counsel.  Upon failure of the party to so file a document under seal, the producing party may request

20   that the Court place the filing under seal.

21   7.    Nothing in this order shall preclude a party from showing or disclosing any

22   documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential

23   Material as defined in paragraph 1, as long as such document has been redacted so as to prevent

24   disclosure of such Confidential Material.

25   8.    The foregoing is without prejudice to the right of any party (a) to apply to the Court

26   for a further protective order relating to any Confidential Material or relating to discovery in this

27   litigation; (b) to apply to the Court for an order removing the Confidential Material designation from

28   any document; and (c) to apply to the Court for an order compelling production of documents or

**STIPULATION TO PROTECTIVE ORDER AND [proposed] ORDER**

1 | modification of this order or for any order permitting disclosure of Confidential Materials beyond the

2 | terms of this order.

3

4 | Dated:   April 13, 2012                              JONES & DYER

5 |                                                              By: _____/s/ Mark A. Jones_____

6 |                                                                     MARK A. JONES
   |                                                                     Attorneys for Defendants County of Lassen,
   |                                                                     Steven W. Warren, individually and as Sheriff

7 |                                                                     of Lassen County

8 |                                                              HAGER & HEARNE

9

10 | Dated:   April 13, 2012                             By: _____/s/ Treva J. Hearne_____
    |                                                                     TREVA J. HEARNE
    |                                                                     Attorney for Plaintiff, Nancy Schwartz

11

12 |                                                             LAW OFFICES OF JAMES A. WYATT

13

14 | Dated:   April 13, 2012                             By: _____/s/ James A. Wyatt_____
    |                                                                     JAMES A. WYATT
    |                                                                     Attorney for Defendant City of Susanville

15

16 |                                                     **<u>ORDER</u>**

17 |          The Court having considered the foregoing stipulation of the parties, and good cause

18 | appearing, the Court hereby orders that the above-described records relating to this matter, as more

19 | specifically described in Paragraph 1 of the Stipulation, be subject to a protective order fully

20 | incorporating the provisions set forth above.

21 |          PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

22 |  Dated:  April 15, 2012

23

24 |                                                             _____
    |                                                             MORRISON C. ENGLAND, JR.

25 |                                                             UNITED STATES DISTRICT JUDGE

26

27

28

**STIPULATION TO PROTECTIVE ORDER AND [proposed] ORDER**