UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHWARZ, on behalf of herself individually as the mother of MICHAEL PARKER, deceased; and NANCY SCHWARZ, as representative ad administrator of MICHAEL PARKER's Estate,<br><br>Plaintiffs,<br><br>v.<br><br>LASSEN COUNTY ex rel. the LASSEN COUNTY JAIL (DETENTION FACILITY); UNKNOWN GUARDS; JOHN MINEAU; CITY OF SUSANVILLE ex rel. SUSANVILLE POLICE DEPARTMENT,<br><br>Defendants. | No.  2:10-cv-03048-MCE-GGH<br><br><br>**ORDER** |

In bringing the present motion, Plaintiffs seek to modify the Pretrial Scheduling Order ("PTSO") issued in this matter on May 2, 2012.  According to lead Plaintiff's counsel, Treva Hearne, she is retiring in 2013 and new counsel needs extra time to review the case and decide whether any additional discovery is necessary.

1

Hearne further maintains that the recent death of Plaintiffs' expert witness, Joseph Paris, also warrants an extension so that a new expert can be located and retained. For the reasons set forth below, that motion will be granted.[1]

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16,[2] that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, which in this case is set for September 19, 2013, the court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Here, although the originally set trial was continued from November 12, 2013 to February 3, 2014, by Order dated November 8, 2012 (ECF No. 68), the previously set deadlines for discovery (January 14, 2013), for disclosure of expert witnesses (March 12, 2013), and for disclosure of supplemental experts (April 1, 2013) was not extended. Attorney Hearne's modification request is for a three-month extension applicable to those deadlines as well as the July 11, 2013 cut-off date for hearing dispositive motions.

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

As support for that relatively modest extension, Ms. Hearne cites not only her imminent retirement (she is 65) but also similar plans with respect to her partner, Robert R. Hager. Ms. Hearne indicates that Ms. Hager's 29-year-old son, Robert E. Hager, also a partner in the firm, had planned to take over the entire practice, and presumably the handling of this case, but died suddenly on September 18, 2012.  Because young Mr. Hager's death rendered his father no long able to practice law, Treva Hearne is now attempting to wind down and close the office.   She has withdrawn from the representation of more than 115 clients since December of 2012.  Although Ms. Hearne has been successful in associating another attorney, Paul Quade, to handle this case as of December 14, 2012, she notes Mr. Quade's time has recently been consumed with a death penalty case and states that he has only recently begun to review the voluminous record in this matter. See Pls.' Reply, pp. 1-2.  Hearne argues that, as new counsel and given her firm's turmoil over the last months, Quade should have an opportunity to supplement discovery if he deems it prudent to do so.  Moreover, as mentioned above, Plaintiffs' expert witness recently died and additional time is also needed to secure an expert in the stead of Mr. Paris.

      Defendants' argument in opposition is that their ability to file a motion for summary judgment should not be stymied by what amounts to a continuance of this case.  Defendants appear to concede, however, that discovery is largely complete, and there is no impediment to submitting a summary judgment motion now should they deem it prudent to do so.  Although it may be true that Mr. Quade, as new counsel for Plaintiffs, may argue he needs additional time to respond to such a motion, that is an argument for another day.  At this juncture, after having reviewed the papers in support of and in opposition to the present motion, the Court finds that Plaintiffs have demonstrated good cause for the PTSO modification they seek.  Significantly, the three-month extension that is sought will not affect the scheduled February 3, 2014 trial date.

///

///

Defendant's Motion to Amend Scheduling Order (ECF No. 72) is accordingly GRANTED. The PTSO is hereby modified to reflect a deadline for completing fact discovery of April 14, 2013, a deadline for expert witness disclosure of June 12, 2013, a deadline for designating supplemental experts of July 1, 2013, and a deadline for hearing dispositive motions of October 11, 2013.

IT IS SO ORDERED.

Dated:    February 25, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE