FILED

JAN 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY SCHWARZ, on behalf of herself individually as the mother of Michael Parker, deceased, and as representative and administrator of Michael Parker's Estate,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>LASSEN COUNTY ex rel. the LASSEN COUNTY JAIL (Detention Facility); JOHN MINEAU, Undersheriff; CITY OF SUSANVILLE, ex rel. Susanville Police Department,<br><br>        Defendants - Appellees. | No. 13-17223<br><br>D.C. No. 2:10-cv-03048-MCE-CMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted December 10, 2015
San Francisco, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Nancy Schwarz appeals from the district court's grant of summary judgment in favor of Lassen County, Lassen County Undersheriff John Mineau, and the City of Susanville on her claims arising out of the death of her son, Michael Parker. Susanville police officers arrested Parker in September 2009 after he allegedly violated a protective order, and detained Parker at the Lassen County Adult Detention Facility (LCADF). Parker, who suffered from pre-existing heart and gastrointestinal conditions, died in November 2009 shortly after his detention at LCADF. Schwarz brought suit under 42 U.S.C. § 1983 on behalf of herself and Parker alleging that Lassen County and Undersheriff Mineau were deliberately indifferent to Parker's serious medical needs while he was housed at LCADF, and that the defendants infringed her right to familial association with Parker, all in violation of the Fourteenth Amendment.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Schwarz failed to produce evidence demonstrating a genuine dispute of fact regarding whether Undersheriff Mineau consciously disregarded a substantial risk of serious harm to Parker. *See Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). Schwarz also failed to provide evidence of a Lassen

---

[1] Schwarz's complaint also stated claims arising under state law that are not before this Court.

County policy, practice, or custom of delaying medical treatment to pre-trial detainees that a reasonable jury could find caused Parker substantial harm or was otherwise the "moving force" behind his death. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) (requiring a plaintiff bringing a claim against a municipal entity for a constitutional violation to show that the official action that caused the plaintiff's injury was pursuant "to official municipal policy of some nature"); *Hallett v. Morgan*, 296 F.3d 732, 745–46 (9th Cir. 2002) (holding that, for a prisoner to establish that a delay in medical treatment evinces deliberate indifference, the prisoner must show that the delay caused significant harm).

2.    Recovery for a violation of the right to familial association is generally contingent on the existence of an underlying constitutional violation. *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004). Therefore, because there is no evidence that either Undersheriff Mineau or Lassen County was deliberately indifferent to Parker's serious medical needs, Schwarz's claim for loss of familial association—which is predicated on their purportedly unconstitutional care of Parker—likewise fails as a matter of law.

3.    In addition, even if there were evidence of a constitutional violation that could be attributed to the City of Susanville's policies or practices, Schwarz

has presented insufficient evidence from which a trier of fact could reasonably find that any of the City's actions in arresting or prosecuting Parker "shocked the conscience," thereby violating Schwarz's rights to her son's society and companionship. *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) ("[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998))).

**AFFIRMED**.